IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **GRACIE CLARK**, *Individually* and as Representative of the **ESTATE OF CRUZ CLARK, JR.; JUAN ALBERTO CLARK**, *Individually*; and **CRUZ CLARK, II**, *Individually* § § § § § § | § § § § § § § § § § § § |
| v. | CIVIL ACTION NO:_____ |
| | JURY TRIAL |
| **NUECES COUNTY, TEXAS; JANE DOE NO. 1**, *Individually*; **JOHN DOE NO. 1**, *Individually*; and **JOHN DOE NO. 2**, *Individually* | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COME** Plaintiffs, Gracie Clark, *Individually and as Representative of the* Estate of Cruz Clark, Jr., Juan Alberto Clark, *Individually*, and Cruz Clark, II, *Individually* bringing this their *Plaintiffs' Original Complaint*, praying for damages against Nueces County, Texas, Jane Doe No. 1, *Individually,* and John Doe, No. 2, *Individually*, as they denied Cruz Clark, Jr. his rights guaranteed by the Constitution and laws of the United States of America.

### I.
### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). Venue is proper in the Southern District of Texas, Corpus Christi Division as this is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

### II.
### PARTIES

2. Plaintiff Gracie Clark is the widow of Cruz Clark, Jr. and a resident of Nueces County, Texas.

3. Plaintiff Juan Alberto Clark is the son of Cruz Clark, Jr., and a resident of Bexar County, Texas.

4. Plaintiff Cruz Clark, II is the son of Cruz Clark, Jr., and a resident of Nueces County, Texas.

5. Defendant Nueces County, Texas (hereinafter "County") is a political subdivision of the State of Texas and can be served with summons upon Nueces County Judge Lloyd Neal, 901 Leopard Street, Corpus Christi, Texas 78401.

6. Defendant Jane Doe No. 1, was, at all times material to this suit, an employee at the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the NUECES COUNTY SHERIFF'S DEPARTMENT. Defendant can be served with summons at the NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St, Corpus Christi, Texas 78401.

7. Defendant John Doe No. 1, was, at all times material to this suit, an employee at the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the NUECES COUNTY SHERIFF'S DEPARTMENT. Defendant can be served with summons at the NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St, Corpus Christi, Texas 78401.

8. Defendant Jane Doe No. 2, was, at all times material to this suit, an employee at the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the NUECES COUNTY SHERIFF'S DEPARTMENT. Defendant can be served with summons at the NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St, Corpus Christi, Texas 78401.

## **FACTS**

9. Whenever in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full

authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

10. On or about August 8, 2011, Cruz Clark, Jr. (hereinafter "Mr. Clark"), was incarcerated in the Nueces County Jail. Mr. Clark was on a daily regiment of medications. When he was incarcerated, Plaintiff Gracie Clark informed Jane Doe No. 1 that Mr. Clark was on medications and Jane Doe No. 1, stated that they were aware of his medications. Plaintiff Gracie Clark had frequent visits with her husband Mr. Clark. Mr. Clark had informed her that he was not feeling well and that although he told them that they were giving him the incorrect dosage that they would not increase the same. Mr. Clark also told his wife that he had put in numerous medical requests to John Doe No. 1 and John Doe No. 2 seeking medical attention but they were being ignored. As the visits went on Plaintiff Gracie Clark noticed that her husband's health was deteriorating. Worried about her husband Plaintiff Gracie Clark continued to complain to Jane Doe No. 1, that her husband was not receiving the correct dosage and at one point brought his current prescription bottles to the jail. Jane Doe No. 1 told Plaintiff Gracie Clark that the jail was well aware of his need for the medications, that they could not take the prescriptions, and that she would make sure that Mr. Clark was taken to the hospital to reevaluate his condition and get an increase in his medications. One week later on September 8, 2013, Mr. Clark, died at the Nueces County Jail. Defendants never took him to be reevaluated as they had promised.

11. Upon information and belief, Plaintiffs allege that Defendants Jane Doe No. 1, John Doe No. 1, and John Doe No. 2, failed to properly monitor Mr. Clark's medical condition, including but not limited to, failing to provide the correct dosage of his medications for his medical condition and failing reevaluate his condition as they stated that they would. Additionally, Defendants Jane Doe No. 1, John Doe No. 1, and John Doe No. 2, were all well aware of Mr. Clark's deteriorating medical condition, because both Mr. Clark and his wife had informed them. Such callous disregard for Mr. Clark's life by all individual Defendants directly caused Mr. Clark's death and clearly shows the


subjective intent of each individual Defendant and is clear indifference to Mr. Clark's serious medical needs.

12. Defendant County and the individual Defendants have the legal duty and ability to enforce necessary constitutional and legal safeguards for the protection, care, custody, and treatment of Mr. Clark and other inmates required to reside at Defendant County's jail. The individual Defendants operated in a grossly negligent, reckless, willful, and callous manner and with deliberate indifference to Mr. Clark's constitutional and statutory rights. Defendant County failed or refused to adopt, implement, and enforce policies, practices, and procedures that would have afforded Mr. Clark protection from the conduct he endured.

13. Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law. At all pertinent times, Defendant County authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

### FIRST CLAIM FOR RELIEF - - §1983

14. The allegations contained in Paragraphs 9 thru 13 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

15. The Civil Rights Act of 1871, now codified as 42 U.S.C.S. §1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. §1983.

16. 42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiffs allege that Defendants, jointly and/or severally deprived Mr. Clark of his Fourth

Amendment and/or Eighth Amendment rights, privileges, and immunities secured by the Fifth Amendment to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by acting with deliberate indifference to the rights of Mr. Clark by failing to provide medical care to him in connection with his known and obvious serious medical needs.

17.     Under §1983, Defendants Jane Doe No. 1, John Doe No. 1, and John Doe No. 2 are also liable for failing to supervise and/or failing to train, and/or acquiescence in unconstitutional behavior by subordinates. First, Defendants Jane Doe No. 1, John Doe No. 1, and John Doe No. 2 failed to properly train and failed to properly supervise their deputies/officers. Defendants Jane Doe No. 1, John Doe No. 1, and John Doe No. 2 are liable under §1983, as there is a causal connection between their actions and/or omissions and Mr. Clark's constitutional violations, as outlined throughout this entire pleading. In fact, Defendants Jane Doe No. 1, John Doe No. 1, and John Doe No. 2, despite the existence of numerous warning signs associated with Mr. Cruz's health, continued to be deliberately indifferent to the possibility of injury and/or death and such indifference led to the exact situation complained of herein. Defendants Jane Doe No. 1, John Doe No. 1, and John Doe No. 2's failure to supervise or train in regard to similar situations at the Nueces County Jail, additionally amounted to gross negligence or deliberate indifference.

18.     It is also well-established that counties and/or municipalities are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in compliance with their customs, practices, policies or procedures. A county and/or municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels. In this case, Defendant County is liable because they sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) ignoring the serious medical needs of those entrusted to their care based either on expedience or ignorance to the consequences, 2) failing to discipline those persons whom are found to have ignored the medical needs of such individuals, 3) failing to adequately supervise and/or observe their

inmates/detainees/arrestees, 4) failing to provide adequate instructions for the immediate hospitalization and/or treatment of inmates/detainees/arrestees, 5) failing to provide adequate staff to handle emergency situations stemming from the medical needs of inmates/detainees/arrestees, and 6) failing to impose proper and sufficient policies and/or procedures as to the screening of inmates/detainees/arrestees in regard to their medical needs.

19. The actions and/or inaction taken in this case was uncalled for and taken pursuant to the customary practices and/or policies or procedures that were sanctioned by all named entity Defendants. Liability for Defendant County is established under §1983 because their "ignore the medical problems" attitude is a persistent, widespread practice of the county and city employees -- namely deputies and police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant County had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant County's unspoken policies above is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, Defendant County is liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical needs of inmates/detainees/arrestees.

20. Moreover, Defendant County is liable for the inadequate training of their deputies/officers under §1983. Liability attaches to Defendant County because its failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact.

## DAMAGES

21. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiffs have been caused to suffer general damages which include but are not limited to the following: loss of their son both physical and emotional injury, including but not limited to - - pain and suffering, and emotional and mental distress, and shock, along with severe emotional distress.

6

22.     Said injuries have caused Plaintiffs to incur special damages which include but are not limited to: funeral and burial expenses for their husband and/or son and the loss of companionship of their husband and/or son

23.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. §1988, a prevailing party in a §1983 case is entitled to recover its attorneys' fees.  Hence, Plaintiffs further pray for all costs and attorneys' fees associated with bringing the present case to trial.

24.     In addition, Plaintiffs pray for punitive damages.  Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing.  Punitive damages may be assessed under §1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray that after a trial upon the merits, Plaintiffs recover compensatory damages against Defendants, jointly and severally; that Plaintiffs also recover punitive damages against individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and that Plaintiffs recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation.  Moreover, Plaintiffs pray for all prejudgment and post judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiffs recover against each Defendant any and all other general or specific relief to which they prove themselves and/or the estate justly entitled.

    Respectfully submitted,

    GALE, WILSON & SÁNCHEZ, PLLC
    115 E. Travis, 19th Floor
    San Antonio, Texas 78205
    Telephone: (210)222-8899
    Telecopier: (210)222-9526
    Email: cjgale@gws-law.com

    By: /s/ Christopher J. Gale

>Christopher J. Gale
>Southern District Bar No. 27257
>Texas Bar Number 00793766
>*Attorney-in-Charge for Plaintiffs*

## Demand for Jury Trial

Plaintiffs hereby demand trial by jury pursuant to Fed.R.Civ.P. 8(b).